IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALED AL HAJ, | : | |
|     Petitioner | : | |
| | : | No. 1:23-cv-00733 |
| v. | : | |
| | : | (Judge Kane) |
| UNITED STATES OF AMERICA, et al., | : | |
|     Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241 through which Petitioner Khaled Al Haj ("Al Haj") challenges his 2017 conviction for conspiracy to distribute a controlled substance and a controlled substance analogue in the United States District Court for the Northern District of Texas. The Court will dismiss the petition without prejudice for lack of jurisdiction.

I.    BACKGROUND

Al Haj was convicted of conspiracy to distribute a controlled substance and a controlled substance analogue in 2017 and was sentenced to 180 months of imprisonment. See United States v. Al Haj, 731 F. App'x 377, 378 (5th Cir. 2018); Al Haj v. United States, No. 4:18-cv-00808, 2023 WL 4162277, at *1 (N.D. Tex. June 23, 2023). He appealed to the United States Court of Appeals for the Firth Circuit, which affirmed the judgment of sentence on July 20, 2018. See Haj, 731 F. App'x at 379. Al Haj did not file a petition for writ of certiorari to the United States Supreme Court.

Al Haj moved to vacate his sentence pursuant to 28 U.S.C. § 2255 on September 28, 2018, asserting several claims of ineffective assistance of counsel. See Al Haj v. United States, No. 4:18-cv-00808 (N.D. Tex. Sept. 28, 2018), ECF No. 1. The trial court denied the motion on February 23, 2021. See id., ECF Nos. 22–23. Al Haj moved for a certificate of appealability,

which the Fifth Circuit denied on February 22, 2022.  See United States v. Al Haj, No. 21-10293 (5th Cir. Feb. 22, 2022).

Al Haj filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) in the Northern District of Texas, arguing that newly discovered evidence showed that he was actually innocent of the crimes for which he was convicted.  See Al Haj, No. 4:18-cv-00808, ECF No. 36.  The court dismissed the motion without prejudice, finding that it was properly construed as a second or successive motion to vacate the sentence under Section 2255 rather than a motion for relief from judgment under Rule 60(b).  See Al Haj, 2023 WL 4162277, at *2.  The court additionally concluded that it did not have jurisdiction to consider the motion because Al Haj had not sought or obtained permission to file a successive Section 2255 motion from the Fifth Circuit.  See id. (citing 28 U.S.C. § 2255(h)).  Al Haj did not appeal.

Al Haj filed the instant petition on April 18, 2023, and the Court received and docketed the petition on May 3, 2023.  (Doc. No. 1.)  Al Haj raises the same argument he asserted in his motion for relief from judgment before the trial court: that newly discovered evidence shows that he is actually innocent of the crimes for which he was convicted.  (Id.)  Al Haj additionally asserts that the government committed a Brady[1] violation by withholding potentially exculpatory email communications from him.  (Id. at 7.)

The Court dismissed the petition without prejudice on June 8, 2023, based on Al Haj's failure to pay the requisite filing fee or move for leave to proceed in forma pauperis.  (Doc. No. 4.)  He subsequently filed a motion for leave to proceed in forma pauperis and a motion to reopen the case, arguing that the case should not have been dismissed because he mailed the motion for leave to proceed in forma pauperis before the deadline for compliance with the

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963).

administrative order.  (Doc. Nos. 5, 7.)  The Court denied the motions on July 31, 2023, finding that although the motion for leave to proceed in forma pauperis was timely mailed, there was no basis to reopen the case since the motion indicated that Al Haj had sufficient funds in his account to pay the requisite filing fee.  (Doc. No. 8.)  The Court noted that the denial of the motions was without prejudice to his right to pay the filing fee within twenty-one days and stated that if he did so the Court would reconsider the Order in relevant part and reopen the case.  (Id.)  The Court received payment of the filing fee twenty-four days later, on August 24, 2023.  By separate Order issued on the date of this opinion, the Court accepted this payment of the filing fee and reopened the case.  Having reopened the case, the Court has reviewed the petition and determined that it should be dismissed without prejudice for lack of jurisdiction.

## II.    LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  See 28 U.S.C. § 2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  See 28 U.S.C. § 2254 Rule 1.

## III.   DISCUSSION

The Court will exercise its discretion to dismiss this case under Rule 4 because the Court does not have jurisdiction to consider Al Haj's petition.  Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  Federal prisoners may only challenge their conviction through a Section 2241 habeas corpus petition if a Section 2255

motion is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e); Jones v. Hendrix, 143 S. Ct. 1857, 1864 (2023).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).  Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  See id. at 539.  "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative."  Id. at 538.

In this case, Al Haj argues that newly discovered evidence proves his actual innocence. (Doc. No. 1 at 6.)  Claims that newly discovered evidence establishes the petitioner's actual innocence are cognizable in second or successive motions under Section 2255 if the petitioner obtains leave of the appropriate court of appeals to file a second or successive motion.  See 28 U.S.C. § 2255(h)(1).  Al Haj has not sought leave of the Fifth Circuit to file a second or successive Section 2255 motion, but his failure to seek such leave does not render Section 2255 inadequate or ineffective to adjudicate his actual innocence claim.

Similarly, Al Haj asserts that he is entitled to a writ of habeas corpus based on an alleged Brady violation, but Brady claims are properly asserted through Section 2255 motions.  See, e.g., Lewis v. Warden Allenwood FCI, 719 F. App'x 92, 94 (3d Cir. 2017) (unpublished); Hallett v. Schultz, 241 F. App'x 869, 871 (3d Cir. 2007) (unpublished).  The Court therefore does not have jurisdiction over either of Al Haj's claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction. An appropriate order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania